IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| NOAMI RAMIREZ CAMPOS | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 5:19-cv-1263 |
| | § | |
| NXS MANAGEMENT LLC, NEXUS | § | |
| ENTERPRISES, LLC D/B/A NEXUS | § | |
| MEDICAL CONSULTING, and AUBREY | § | |
| LONGACRE | § | |
| Defendants. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND

For her Original Complaint against NXS MANAGEMENT LLC, NEXUS ENTERPRISES, LLC D/B/A NEXUS MEDICAL CONSULTING, and AUBREY LONGACRE for violations of the Family and Medical Leave Act (FMLA), Plaintiff Noami Campos shows the following:

## INTRODUCTION

1.      This is a claim for wrongful discharge under the FMLA. Plaintiff was employed as Human Resources Director for just under two years. Although Plaintiff was at all times an excellent performer, she unfortunately had to take FMLA leave when she herself became very ill and was taken off of work by her doctor. This illness rendered Plaintiff unable to work for approximately twelve weeks and caused her to repeatedly seek medical attention.  Shortly after beginning FMLA leave, Plaintiff's job was filled and announced throughout the company. The nature of Plaintiff's illness was also disclosed to various persons within the company who had no need to know of the nature of the illness. In so doing, Defendants, violated the FMLA.

## PARTIES

2.      Plaintiff Noami Campos is an individual residing San Antonio, Bexar County, Texas.  She may be served with papers in this case through the undersigned counsel.

3.      Defendant NXS MANAGEMENT LLC is a limited liability corporation organized under the laws of the State of Texas. It maintains its principal place of business at 1650 Independence Drive, New Braunfels, Texas 78132. It may be served with process through its registered agent, Larry Edward Bolton, at 1650 Independence Drive, New Braunfels, Texas 78132.

4.      Defendant NEXUS ENTERPRISES, LLC D/B/A NEXUS MEDICAL CONSULTING is a limited liability corporation organized  under the laws of the State of Texas. It maintains its principal place of business at 1650 Independence Drive, New Braunfels, Texas 78132. It may be served with process through its registered agent, Larry Edward Bolton, at 1650 Independence Drive, New Braunfels, Texas 78132.

5.      Aubrey Longacre is an individual residing in New Braunfels, Texas who may be served with process at her place of business at 1650 Independence Drive, New Braunfels, Texas 78132.

## JURISDICTION AND VENUE

6.      The Court possesses subject-matter jurisdiction pursuant to the Family and Medical Leave Act and 28 U.S.C. Section 1331. The Court possesses personal jurisdiction over Defendants because Defendants are organized under the laws of the State of Texas and because Defendants regularly conduct business in the State of Texas.

7.      Venue is proper in the San Antonio Division of the Western District of Texas

because all of the events giving rise to Plaintiff's claims occurred within the confines of the San Antonio Division of the Western District of Texas.

## FACTUAL BACKGROUND

7.      Ms. Ramirez Campos was forced to resign her position on March 8, 2019 due to conditions created by Nexus which became so intolerable that no reasonable employee could be expected to continue employment.  Agents, representatives and vice-principals of Nexus had taken actions that rendered it impossible for her to perform her job functions as Human Resources Director upon a return by disclosing to employees her privileged and confidential medical information and why it caused her to take FMLA leave.  In addition, Nexus' CEO, Ed Bolton, and the Sr. Vice-President of Operations (and Ms. Campos' immediate supervisor),  Aubrey Longacre, demanded to be made aware of the condition which precipitated Ms. Campos' protected FMLA leave.  They both expressed doubt as to the validity of Ms. Campos' condition.

8.      On December 14, 2018, two weeks after Ms. Campos went on protected FMLA leave, Nexus offered the Human Resources Director position held by Ms. Campos to Tiffany Ash, and Ms. Ash accepted the position.  Ms. Campos was never designated as a "key employee", therefore the key employee exception under the FMLA does not apply and the position should have been protected for a minimum of twelve weeks for her return under the FMLA.  Clearly, FMLA leave was a substantial factor in causing the condition giving rise to the constructive discharge.

## CAUSE OF ACTION: VIOLATIONS OF THE FMLA

9.      Plaintiff re-alleges and incorporates by reference paragraphs 1 through 8 supra.

10.     Defendants are employers covered by the FMLA at their New Braunfels facility

(where Plaintiff worked) because it employs in excess of fifty employees at the facility.

11.     Plaintiff was covered by the FMLA because she worked in excess of 1250 hours in each year of her employment with Defendants. Moreover, in her last year of employment with Defendant Nexus, Plaintiff had worked in excess of 1250 hours.

12.     Defendant Aubrey Longacre was Plaintiffs supervisor. Defendant controlled the terms and conditions of Plaintiffs employment and, upon information and belief, made the decision to hire Plaintiff's replacement while Plaintiff was on protected FMLA leave. Further, Defendant Longacre demanded to review the FMLA certification paperwork which gave her complete knowledge of the condition causing FMLA leave. As such, Defendant Longacre is individually liable (jointly and severally with Defendant Nexus) under the FMLA and its implementing regulations.

13.     The FMLA guarantees eligible employees 12 weeks of leave in a 1-year period following certain events: a serious medical condition; a family member's serious illness; or the arrival of a new son or daughter. 29 U.S.C. § 2612(a)(1). During the 12 week leave period, the employer must maintain the employee's group health coverage. § 2614(c)(1). Leave must be granted, when "medically necessary," on an intermittent, part-time basis, or full-time basis. § 2612(b)(1). Upon the employee's timely return, the employer must reinstate the employee to his or her former position or an equivalent position. § 2614(a)(1). The Act makes it unlawful for an employer to "interfere with, restrain, or deny the exercise of" these rights, § 2615(a)(1); to discriminate against those who exercise their rights under the Act, § 2615(a)(2); and to retaliate against those who file charges, give information, or testify in any inquiry related to an assertion of rights under the Act, § 2615(b).

14.     In this case, Defendants interfered with and denied Plaintiffs rights under the FMLA by hiring a replacement for her position while Plaintiff was on protected FMLA leave and sharing her protected health information with other employees of Nexus who had no need to know. Additionally, Defendants violated the anti-discrimination and antiretaliation component of the FMLA by committing the acts described above.

## V.     ACTUAL DAMAGES

15.     Noami Campos contends that as a result of Defendants' wrongful conduct, she has suffered actual damages including the following damages:

A.     lost wages and employee benefits in the past; and

B.     loss of wage-earning capacity in the future.

17.     Noami Campos pleads for fair and reasonable compensation for her actual damages as authorized by the FMLA, particularly 29 U.S.C. § 2617.

18.     Campos seeks to recover all reasonable attorneys' fees and costs which have been and will be incurred as a result of the prosecution of this case as authorized by the FMLA, particularly 29 U.S.C. § 2617(a)(3).

## VI.     LIQUIDATED DAMAGES

19.     The FMLA authorizes Noami Campos to recover from Defendants liquidated damages. Accordingly, Campos pleads for an amount of liquidated damages equal to actual damages allowed plus interest.

**JURY DEMAND**

15.     Plaintiff requests trial by jury.

**CONCLUSION AND PRAYER**

16.     Plaintiff Noami Campos prays that, upon final judgment, she be awarded the

following:

        a.     Lost wages and benefits in the past and in the future;

        b.     Liquidated damages;

        c.     Attorney fees;

        d.     Costs of court; and

        e.     All other relief towhich she is entitled at law or equity.


                Respectfully submitted,


                LAW OFFICES OF PAUL G. VICK
                12703 Spectrum Drive, Suite 103
                San Antonio, Texas 78249
                210-735-1794
                210-733-7510 fax

        By:      /s/ Paul G. Vick
                Paul G. Vick
                State Bar No. 20563950
                ATTORNEYS FOR PLAINTIFF