**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **NOAMI RAMIREZ CAMPOS,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | **Civil Action No. 5:19-CV-1263-JKP** |
| **NXS MANAGEMENT LLC,** | § | |
| **NEXUS ENTERPRISES, LLC d/b/a** | § | |
| **NEXUS MEDICAL CONSULTING, and** | § | |
| **AUBREY LONGACRE,** | § | |
| **Defendants.** | § | |

**DEFENDANTS' ORIGINAL ANSWER AND**
**AFFIRMATIVE DEFENSES TO PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME NEXUS ENTERPRISES, LLC d/b/a NEXUS MEDICAL CONSULTING and f/k/a NXS Management LLC[1] ("Nexus") and AUBREY LONGACRE ("Longacre") (hereinafter collectively referred to as "Defendants"), Defendants in the above-styled and numbered cause, and file this their Original Answer and Affirmative Defenses to Plaintiff Noami Ramirez Campos's Original Complaint (Doc. No. 1) (hereinafter referred to as "Plaintiff's Complaint"), and respectfully state as follows:

**INTRODUCTION**

1.     Defendants admit that Plaintiff brings the claims described in Paragraph 1 of Plaintiff's Complaint but deny any and all wrongdoing and/or liability with respect to such

---

[1] Plaintiff's Complaint names two distinct entities as Defendants:  NXS Management, LLC and Nexus Enterprises, LLC d/b/a Nexus Medical Consulting.  (Doc. No. 1).  As public records filed with the Secretary of State accurately reflect, a Certificate of Amendment was filed on April 15, 2014, to change the name of this entity from "NXS Management, LLC" to "Nexus Enterprises, LLC".  Consequently, Plaintiff's employing entity exists (and only existed during the period of Plaintiff's employment) only as Nexus Enterprises, LLC; it does not exist under the name "NXS Management, LLC" and has no capacity to be sued in such name.

claims.  Defendants admit that Plaintiff's job was subsequently filled by another individual but deny the remaining factual allegations in Paragraph 1 of Plaintiff's Complaint.

## PARTIES

2.      Defendants admit the factual allegations set forth in Paragraph 2 of Plaintiff's Complaint.

3.      Defendants deny the factual allegations set forth in Paragraph 3 of Plaintiff's Complaint.[2]

4.      Defendants admit the factual allegations set forth in Paragraph 4 of Plaintiff's Complaint.

5.      Defendants admit the factual allegations set forth in Paragraph 5 of Plaintiff's Complaint.

## JURISDICTION AND VENUE

6.      Defendants admit the factual allegations set forth in Paragraph 6 of Plaintiff's Complaint.

7.      Defendants deny that any improper acts were committed as alleged, but Defendants admit that venue for such alleged acts identified in Paragraph 4 of Plaintiff's Complaint would be appropriate.

## FACTUAL BACKGROUND

8.      With respect to Paragraph 8 of Plaintiff's Complaint, which is mis-labeled as the second Paragraph 7 in Plaintiff's Complaint, Defendants deny the factual allegations set forth in this Paragraph.

9.      With respect to Paragraph 9 of Plaintiff's Complaint, which is mis-labeled as Paragraph 8 in Plaintiff's Complaint, Defendants admit that Ms. Ash was offered, and she

---

[2] *See supra* at n.1.

4851-0424-9263.5

accepted, the position of Human Resources Director previously held by Plaintiff and that Plaintiff was not designated as a "key employee" within the meaning of the FMLA; otherwise, Defendants deny the factual allegations set forth in this Paragraph.  Additionally, the second sentence of this Paragraph, referencing the "key employee exception under the FMLA," states legal arguments or conclusions; as such, Defendants are not required to admit or deny such arguments/conclusions.

## CAUSE OF ACTION: VIOLATIONS OF THE FMLA

10.    With respect to Paragraph 10 of Plaintiff's Complaint, which is mis-labeled as Paragraph 9 in Plaintiff's Complaint, Defendants admit that Plaintiff re-alleges and incorporates by reference prior Paragraphs of the Complaint.  Defendants likewise incorporate by reference their answers to Paragraphs 1-9 as if fully stated herein.  Defendants further deny that they engaged in any unlawful conduct and/or that Plaintiff is entitled to the relief that she seeks.

11.    With respect to Paragraph 11 of Plaintiff's Complaint, which is mis-labeled as Paragraph 10 in Plaintiff's Complaint, this Paragraph states legal arguments or conclusions; as such, Defendants are not required to admit or deny such arguments/conclusions.

12.    With respect to Paragraph 12 of Plaintiff's Complaint, which is mis-labeled as Paragraph 11 in Plaintiff's Complaint, this Paragraph states legal arguments or conclusions; as such, Defendants are not required to admit or deny such arguments/conclusions.  With respect to the second sentence of this Paragraph, Defendants admit that Plaintiff worked in excess of 1250 hours as alleged.

13.    With respect to Paragraph 13 of Plaintiff's Complaint, which is mis-labeled as Paragraph 12 in Plaintiff's Complaint, Defendants admit that Defendant Longacre was Plaintiff's supervisor but deny that she, as an individual, "controlled the terms and conditions of Plaintiff's employment . . . ."  Defendants deny that Defendant Longacre made the decision to hire

Plaintiff's replacement.  Defendants deny Defendants deny the remaining factual allegations set forth in this Paragraph of Plaintiff's Complaint.  The final sentence of this Paragraph states legal arguments and conclusions; as such, Defendants are not required to admit or deny such arguments/conclusions.

14.     With respect to Paragraph 14 of Plaintiff's Complaint, which is mis-labeled as Paragraph 13 in Plaintiff's Complaint, this Paragraph states legal arguments or conclusions; as such, Defendants are not required to admit or deny such arguments/conclusions.

15.     With respect to Paragraph 15 of Plaintiff's Complaint, which is mis-labeled as Paragraph 14 in Plaintiff's Complaint, Defendants deny the allegations set forth in this Paragraph of Plaintiff's Complaint.

## V. <u>ACTUAL DAMAGES</u>

16.     With respect to Paragraph 16 of Plaintiff's Complaint, which is mis-labeled as Paragraph 15 in Plaintiff's Complaint, Defendants admit that Plaintiff seeks the relief identified, but deny that Plaintiff is entitled to any of the relief that she seeks in this Paragraph of Plaintiff's Complaint, including subparts (A) and (B).

17.     With regard to Paragraph 17 of Plaintiff's Complaint, this Paragraph states legal arguments or conclusions; as such, Defendants are not required to admit or deny such arguments/conclusions.  To the extent required, however, Defendants deny Plaintiff's entitlement to any relief requested in this Paragraph.

18.     With regard to Paragraph 18 of Plaintiff's Complaint, this Paragraph states legal arguments or conclusions; as such, Defendants are not required to admit or deny such arguments/conclusions.  To the extent required, however, Defendants deny Plaintiff's entitlement to any relief requested in this Paragraph.

4851-0424-9263.5

## VI. LIQUIDATED DAMAGES

19.     With regard to Paragraph 19 of Plaintiff's Complaint, this Paragraph states legal arguments or conclusions; as such, Defendants are not required to admit or deny such arguments/conclusions.  To the extent required, however, Defendants deny Plaintiff's entitlement to any relief requested in this Paragraph.

## JURY DEMAND

20.     With respect to Paragraph 20 of Plaintiff's Complaint, which is mis-labeled as the second Paragraph 15 in Plaintiff's Complaint, Defendants acknowledge that Plaintiff requests a trial by jury.

## CONCLUSION AND PRAYER

21.     With respect to Paragraph 21 of Plaintiff's Complaint, which is mis-labeled as the second Paragraph 16 in Plaintiff's Complaint, Defendants admit that Plaintiff seeks the relief identified, but Defendants deny that Plaintiff is entitled to any of the relief that she seeks in this Paragraph, including subparts (a)-(e).

22.     To the extent any allegations in Plaintiff's Complaint were not specifically admitted or denied above, Defendants hereby deny any such remaining allegations.

## AFFIRMATIVE DEFENSES

23.     Defendants affirmatively plead that Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendants or to otherwise avoid harm.

24.     Defendants affirmatively plead that to the extent Plaintiff seeks liquidated damages, such claims for liquidated damages are precluded by Defendants' good-faith efforts to comply with the FMLA, and that Defendants had reasonable grounds to believe that their actions

4851-0424-9263.5

and/or omissions with respect to Plaintiff were in compliance with all applicable federal and state law; thus, any such actions and/or omissions were not willful.

25.     Defendants affirmatively plead that the allegations in Plaintiff's First Amended Complaint are insufficient to establish that they engaged in willful conduct as defined by the Family and Medical Leave Act and relevant case law.  Thus, any relevant period of consideration in this matter is limited to a two (2)-year period prior to the institution of this lawsuit.

26.     Defendants affirmatively plead that Plaintiff has failed to mitigate any damages that she may have suffered as a result of Defendants' alleged actions and, alternatively, any award received by Plaintiff should be offset by the amount of wages and benefits that she has received during the period covered by the award.

27.     Defendants affirmatively plead that Plaintiff should be denied recovery of any damages for lost wages, benefits, or similar damage during any period of time in which she was unable to work.

28.     Defendants affirmatively plead that Plaintiff's claims are barred, in whole or in part, because Defendants never unlawfully, knowingly, intentionally, recklessly, indifferently and/or maliciously discriminated against Plaintiff in any respect whatsoever and all actions taken against her, if any, were taken in good faith and for legitimate, lawful, and non-discriminatory and non-retaliatory reasons.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, DEFENDANTS NEXUS ENTERPRISES, LLC d/b/a NEXUS MEDICAL CONSULTING and f/k/a NXS Management LLC and AUBREY LONGACRE pray that this Court deny Plaintiff any recovery herein, that judgment be granted to Defendants, and that Defendants be granted their attorneys' fees as prevailing party and such other and further relief, both at law and in equity, to which they may be justly entitled.

6

4851-0424-9263.5

Respectfully submitted,

By: __*/s/ Ramon D. Bissmeyer*_____
     **Ramon D. Bissmeyer**
     Attorney In Charge
     Texas State Bar No. 00787088
     Email:  rbissmeyer@dykema.com
     **DYKEMA GOSSETT, PLLC**
     112 East Pecan Street, Suite 1800
     San Antonio, Texas 78205
     Telephone: 210-554-5500
     Facsimile: 210-226-8395

     **ATTORNEYS FOR DEFENDANTS,
     NEXUS ENTERPRISES, LLC d/b/a
     NEXUS MEDICAL CONSULTING and
     f/k/a NXS Management, LLC and
     AUBREY LONGACRE**

## CERTIFICATE OF SERVICE

I hereby certify that on January 13, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and will send notification of such filing to the following:

**Paul G. Vick**
**LAW OFFICES OF PAUL G. VICK**
12703 Spectrum Drive, Suite 103
San Antonio, Texas 78249
Email:  Pvicklaw@aol.com

     __*/s/ Ramon D. Bissmeyer*_____
     Ramon D. Bissmeyer

4851-0424-9263.5