IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| NOAMI RAMIREZ CAMPOS,  §<br>    Plaintiff,  §<br>  §<br>v.  §<br>  §   Civil Action No. 5:19-CV-1263-JKP<br>NEXUS ENTERPRISES, LLC d/b/a  §<br>NEXUS MEDICAL CONSULTING, and  §<br>AUBREY LONGACRE,  §<br>    Defendants.  § | |

### DEFENDANTS' FIRST AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME NEXUS ENTERPRISES, LLC d/b/a NEXUS MEDICAL CONSULTING ("Nexus") and AUBREY LONGACRE ("Longacre") (hereinafter collectively referred to as "Defendants"), Defendants in the above-styled and numbered cause, and file this their First Amended Answer and Affirmative Defenses to Plaintiff Noami Ramirez Campos' First Amended Complaint (Doc. No. 20) (hereinafter referred to as "Plaintiff's First Amended Complaint"), and respectfully state as follows:

### INTRODUCTION

1.  Defendants admit that Plaintiff brings the claims described in Paragraph 1 of Plaintiff's First Amended Complaint but deny any and all wrongdoing and/or liability with respect to such claims. Defendants admit that Plaintiff's job was subsequently filled by another individual but deny the remaining factual allegations in Paragraph 1 of Plaintiff's First Amended Complaint.

## PARTIES

2. Defendants admit the factual allegations set forth in Paragraph 2 of Plaintiff's First Amended Complaint.

3. Defendants admit the factual allegations set forth in Paragraph 3 of Plaintiff's First Amended Complaint.

4. Defendants admit the factual allegations set forth in Paragraph 4 of Plaintiff's First Amended Complaint.

## JURISDICTION AND VENUE

5. Defendants admit the factual allegations set forth in Paragraph 5 of Plaintiff's First Amended Complaint.

6. Defendants deny that any improper acts were committed as alleged, but Defendants admit that venue for such alleged acts identified in Paragraph 6 of Plaintiff's First Amended Complaint would be appropriate.

## FACTUAL BACKGROUND

7. Defendants deny the factual allegations set forth in Paragraph 7 in Plaintiff's First Amended Complaint.

8. With respect to Paragraph 8 of Plaintiff's First Amended Complaint, Defendants admit that Ms. Ash was offered, and she accepted, the position of Human Resources Director previously held by Plaintiff and that Plaintiff was not designated as a "key employee" within the meaning of the FMLA; otherwise, Defendants deny the factual allegations set forth in this Paragraph. Additionally, the second sentence of this Paragraph, referencing the "key employee exception under the FMLA," states legal arguments or conclusions; as such, Defendants are not required to admit or deny such arguments/conclusions.

## CAUSE OF ACTION: VIOLATIONS OF THE FMLA

9. With respect to Paragraph 9 of Plaintiff's First Amended Complaint, Defendants admit that Plaintiff re-alleges and incorporates by reference prior Paragraphs of Plaintiff's First Amended Complaint. Defendants likewise incorporate by reference their answers to Paragraphs 1-8 as if fully stated herein. Defendants further deny that they engaged in any unlawful conduct and/or that Plaintiff is entitled to the relief that she seeks.

10. Paragraph 10 of Plaintiff's First Amended Complaint states legal arguments or conclusions; as such, Defendants are not required to admit or deny such arguments/conclusions.

11. Paragraph 11 of Plaintiff's First Amended Complaint states legal arguments or conclusions; as such, Defendants are not required to admit or deny such arguments/conclusions. With respect to the second sentence of this Paragraph, Defendants admit that Plaintiff worked in excess of 1250 hours as alleged.

12. With respect to Paragraph 12 of Plaintiff's First Amended Complaint, Defendants admit that Defendant Longacre was Plaintiff's supervisor but deny that she, as an individual, "controlled the terms and conditions of Plaintiff's employment . . . ." Defendants deny that Defendant Longacre made the decision to hire Plaintiff's replacement. Defendants deny Defendants deny the remaining factual allegations set forth in this Paragraph of Plaintiff's First Amended Complaint. The final sentence of this Paragraph states legal arguments and conclusions; as such, Defendants are not required to admit or deny such arguments/conclusions.

13. Paragraph 13 of Plaintiff's First Amended Complaint states legal arguments or conclusions; as such, Defendants are not required to admit or deny such arguments/conclusions.

14. Defendants deny the allegations set forth in Paragraph 14 of Plaintiff's First Amended Complaint.

4844-2025-7467.2

## V.  ACTUAL DAMAGES

15. With respect to Paragraph 15 of Plaintiff's First Amended Complaint, Defendants admit that Plaintiff seeks the relief identified, but deny that Plaintiff is entitled to any of the relief that she seeks in this Paragraph of Plaintiff's First Amended Complaint, including subparts (A) and (B).

16. Paragraph 16 of Plaintiff's First Amended Complaint, which is mis-labeled as Paragraph 17, states legal arguments or conclusions; as such, Defendants are not required to admit or deny such arguments/conclusions.  To the extent required, however, Defendants deny Plaintiff's entitlement to any relief requested in this Paragraph.

17. Paragraph 17 of Plaintiff's First Amended Complaint, which is mis-labeled as Paragraph 18, of Plaintiff's First Amended Complaint states legal arguments or conclusions; as such, Defendants are not required to admit or deny such arguments/conclusions.  To the extent required, however, Defendants deny Plaintiff's entitlement to any relief requested in this Paragraph.

## VI.  LIQUIDATED DAMAGES

18. Paragraph 18 of Plaintiff's First Amended Complaint, which is mis-labeled as Paragraph 19, states legal arguments or conclusions; as such, Defendants are not required to admit or deny such arguments/conclusions.  To the extent required, however, Defendants deny Plaintiff's entitlement to any relief requested in this Paragraph.

## JURY DEMAND

19. With respect to Paragraph 19 of Plaintiff's First Amended Complaint, which is mis-labeled as the second Paragraph 15 in Plaintiff's First Amended Complaint, Defendants acknowledge that Plaintiff requests a trial by jury.

## CONCLUSION AND PRAYER

20. With respect to Paragraph 20 of Plaintiff's First Amended Complaint, which is mis-labeled as Paragraph 16 in Plaintiff's First Amended Complaint, Defendants admit that Plaintiff seeks the relief identified, but Defendants deny that Plaintiff is entitled to any of the relief that she seeks in this Paragraph, including subparts (a)-(e).

21. To the extent any allegations in Plaintiff's First Amended Complaint were not specifically admitted or denied above, Defendants hereby deny any such remaining allegations.

## AFFIRMATIVE DEFENSES

22. Defendants affirmatively plead that Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendants or to otherwise avoid harm.

23. Defendants affirmatively plead that to the extent Plaintiff seeks liquidated damages, such claims for liquidated damages are precluded by Defendants' good-faith efforts to comply with the FMLA, and that Defendants had reasonable grounds to believe that their actions and/or omissions with respect to Plaintiff were in compliance with all applicable federal and state law; thus, any such actions and/or omissions were not willful.

24. Defendants affirmatively plead that the allegations in Plaintiff's First Amended Complaint are insufficient to establish that they engaged in willful conduct as defined by the Family and Medical Leave Act and relevant case law.  Thus, any relevant period of consideration in this matter is limited to a two (2)-year period prior to the institution of this lawsuit.

25. Defendants affirmatively plead that Plaintiff has failed to mitigate any damages that she may have suffered as a result of Defendants' alleged actions and, alternatively, any award received by Plaintiff should be offset by the amount of wages and benefits that she has received during the period covered by the award.

26. Defendants affirmatively plead that Plaintiff should be denied recovery of any damages for lost wages, benefits, or similar damage during any period of time in which she was unable to work.

27. Defendants affirmatively plead that Plaintiff's claims are barred, in whole or in part, because Defendants never unlawfully, knowingly, intentionally, recklessly, indifferently and/or maliciously discriminated against Plaintiff in any respect whatsoever and all actions taken against her, if any, were taken in good faith and for legitimate, lawful, and non-discriminatory and non-retaliatory reasons.

28. Without admitting a burden of proof as an affirmative defense, as Defendants contend that the burden with respect to such remains with Plaintiff as part of her *prima facie* case, Defendants plead that, but for Plaintiff's resignation of employment, Plaintiff was to have been restored to an equivalent position with equivalent employment benefits, pay, and other terms and conditions of employment.

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, DEFENDANTS NEXUS ENTERPRISES, LLC d/b/a NEXUS MEDICAL CONSULTING and AUBREY LONGACRE pray that this Court deny Plaintiff any recovery herein, that judgment be granted to Defendants, and that Defendants be granted their attorneys' fees as prevailing parties and such other and further relief, both at law and in equity, to which they may be justly entitled.

Respectfully submitted,

By: */s/ Ramon D. Bissmeyer*
**Ramon D. Bissmeyer**
Attorney In Charge
Texas State Bar No. 00787088
Email: rbissmeyer@dykema.com
**Katherine A. Zampas**
Texas State Bar No. 24104456
Email: kzampas@dykema.com
**DYKEMA GOSSETT, PLLC**
112 East Pecan Street, Suite 1800
San Antonio, Texas 78205
Telephone: (210) 554-5500
Facsimile: (210) 226-8395

**ATTORNEYS FOR DEFENDANTS
NEXUS ENTERPRISES, LLC d/b/a
NEXUS MEDICAL CONSULTING
AUBREY LONGACRE**

## CERTIFICATE OF SERVICE

I hereby certify that on May 21, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and will send notification of such filing to the following:

**Paul G. Vick**
**LAW OFFICES OF PAUL G. VICK**
12703 Spectrum Drive, Suite 103
San Antonio, Texas 78249
Email: Pvicklaw@aol.com

 */s/ Ramon D. Bissmeyer*
Ramon D. Bissmeyer

7

4844-2025-7467.2